IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 07-00608 HG |
| | ) | CR. NO. 14-00469 HG |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JON DECANO, also known as Jon | ) | |
| Darren Maglangit, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S SECOND MOTION TO REDUCE SENTENCE(S) UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 270 in 07-cr-00608 HG and ECF No. 88 in 14-cr-00469 HG)**

Defendant is currently incarcerated at the United States Penitentiary Tucson in Arizona with a projected release date of November 12, 2025.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's MOTION TO REDUCE SENTENCE(S) UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 270 in 07-cr-00608 HG and ECF No. 88 in 14-cr-00469 HG) is **DENIED.**

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of

1

imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. <u>Dillon v. United States</u>, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i)  extraordinary and compelling reasons warrant
>          such a reduction;
> ...
>          and that such a reduction is consistent with
>          applicable policy statements issued by the
>          Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.    Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.    Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the

3

court determines that—

(1)(A)    Extraordinary and compelling reasons warrant the reduction; or

(B)    The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2)    The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3)    The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if he demonstrates:

(1)  extraordinary and compelling reasons warrant a sentence reduction;

(2)  he is not a danger to the safety of others or the community; and,

(3)  any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

## C.  **Extraordinary And Compelling Reasons**

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons."  The Court agrees with the majority of the

district courts in the Ninth Circuit that have concluded that
Section 1B1.13 and its definition of "extraordinary and
compelling reasons" applies to motions for compassionate release
even though the sentencing guideline was not separately amended
following the passage of the First Step Act.  See Riley v. United
States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020)
(collecting cases); United States v. Shields, 2019 WL 2359231, *4
(N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's Commentary Application
Notes explain that extraordinary and compelling reasons exist
when:

(A) **Medical Condition of the Defendant.**–

(i) The defendant is suffering from a terminal illness
(i.e., a serious and advanced illness with an end
of life trajectory).  A specific prognosis of life
expectancy (i.e., a probability of death within a
specific time period) is not required.  Examples
include metastatic solid-tumor cancer, amyotrophic
lateral sclerosis (ALS), end-stage organ disease,
and advanced dementia.

(ii) The defendant is—

(I)      suffering from a serious physical or
medical condition,

(II)     suffering from a serious functional or
cognitive impairment, or

(III)    experiencing deteriorating physical or
mental health because of the aging
process,

that substantially diminishes the ability of the
defendant to provide self-care within the
environment of a correctional facility and from
which he or she is not expected to recover.

5

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—
   (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other extraordinary and compelling reasons exist, as stated in paragraph (D), when ruling on motions for compassionate release. United States v. Brooker, 976 F.3d 228, 236-37 (2d Cir. 2020); United States v. Hernandez, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

## PROCEDURAL HISTORY

## I. 07-CR-00608 HG: PROCEDURAL HISTORY OF DEFENDANT'S FEDERAL DRUG CONVICTION

On November 28, 2007, a grand jury returned an Indictment charging Defendant Decano and a co-defendant with crimes relating to the distribution of methamphetamine in Hawaii. (United States v. Jon Decano, Crim. No. 07-00608 HG, ECF No. 1).

6

Defendant was charged with the following two counts:

**Count 1:** From a time unknown to the Grand Jury but through on or about September 29, 2005, Defendant Decano and a co-Defendant did knowingly and intentionally combine, conspire, confederate and agree with each other and another individual, charged in another case, to distribute and possess with intent to distribute, 50 grams or more, that is, approximately 170 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

**Count 2:** On or about September 29, 2005, Defendant Decano and his co-defendant did knowingly and intentionally distribute more than 50 grams, that is, 170 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

(Id.)

On November 26, 2007, Defendant Decano pled guilty to Count 1 of the Indictment. (ECF Nos. 19, 20, 21, & 32).

In December of 2007, while on pre-trial release prior to sentencing, Defendant admitted to violating a condition of pre-trial release by using cocaine. (ECF Nos. 23 & 29).

At Defendant's sentencing on March 13, 2008, Defendant was sentenced to 36 months imprisonment and 5 years supervised release. (ECF Nos. 52 & 50).

Defendant was granted permission to self surrender to the institution designated by the Bureau of Prisons. On April 14, 2008, prior to Defendant Decano's self surrender date, Defendant again used cocaine in violation of the terms of his release. (ECF No. 58).

The Court held a hearing on May 1, 2008 and found the

Defendant in violation of his release conditions.  (ECF No. 71).
Defendant was remanded to the custody of the U.S. Marshal to
begin serving his sentence.  (Id.)

On August 12, 2008, the Court granted the Government's
motion to reduce Defendant's sentence pursuant to Fed. R. Crim.
P. 35(b), based on his continuing cooperation, from 36 months to
24 months of confinement.  (ECF No. 131).

On May 5, 2010, Defendant Decano completed his term of
imprisonment and commenced his term of supervised release.

During Defendant's term of supervised release, he was found
to have violated his conditions of supervised release five times.
The violations included an arrest for driving under the influence
of an intoxicant.  (ECF No. 226 at p. 2).

The Court revoked Defendant's supervised release, and
sentenced Defendant Decano to three months imprisonment, to be
followed by 18 months of supervised release.  (ECF No. 230).

On October 25, 2013, Defendant commenced his second term of
supervised release.

## II.  14-CR-00469 HG: PROCEDURAL HISTORY OF DEFENDANT'S SECOND FEDERAL CONVICTION FOR CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE

While Decano was serving his term of supervised release in
07-cr-00608 HG, the grand jury returned an Indictment on March
13, 2014, charging Defendant Decano with the three counts
relating to methamphetamine distribution in 14-cr-00338 HG.  (See

Indictment in 14-cr-00338 HG, ECF No. 1).  The 14-cr-00338 HG
case was dismissed when the Government charged the Defendant with
the same general conduct in an Information in another proceeding,
United States v. Jon Decano, 14-cr-00469 HG.  (See Superseding
Information in 14-cr-00469 HG, ECF No. 10).

In 14-cr-00469 HG, Defendant was charged as follows:

**Count 1:** From on or about December 14, 2013, and continuing
to on or about January 10, 2014, Defendant Decano
did knowingly and intentionally conspire with
others, known and unknown, to distribute and
possess with intent to distribute, 50 grams or
more of methamphetamine in violation of 21 U.S.C.
§§ 846, 841(a)(1), and 841(b)(1)(A).

(Id.)

On June 25, 2014, Defendant Decano pled guilty to the single
count in the Superceding Information in 14-cr-00469 HG.  (14-cr-
00469 HG, ECF Nos. 13-18).

At Defendant Decano's sentencing in case 14-cr-00469 HG on
August 17, 2015, Defendant Decano was in Criminal History
Category III with a Total Offense Level of 31.  (Presentence
Report ("PSR") at pp. 7-10, 14-cr-00469 HG, ECF No. 62).
Defendant Decano's sentencing guideline range was 135 months to
168 months, and the statutory minimum term of imprisonment was 20
years imprisonment. (Id. at ¶¶ 76, 77).  The Court granted the
Government's Motion for Downward Departure, and Defendant Decano
was sentenced to 140 months imprisonment and 10 years of
supervised release.  (14-cr-00469 HG, ECF No. 66).

On the same date, Defendant was sentenced for violating the

terms of his supervised release in 07-cr-00608 HG.  The Court sentenced Defendant Decano to 24 consecutive months of imprisonment for his supervised release violations.  (07-cr-00608 HG, ECF No. 259).

Defendant's total sentence for both cases was for 164 months imprisonment.

On September 11, 2015, Defendant Decano filed a Notice of Appeal with the Ninth Circuit Court of Appeals.  (14-cr-00469 HG, ECF No. 67).

On May 22, 2017, the Ninth Circuit Court of Appeals affirmed Decano's conviction and sentence.  (14-cr-00469 HG, ECF No. 78).

## III. PROCEDURAL HISTORY OF DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

On October 13, 2020, Defendant filed his first MOTION FOR IMMEDIATE RELEASE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE).  (07-cr-00608, ECF No. 264; 14-cr-00469, ECF No. 79).

On November 4, 2020, the Government filed its response to Defendant's first Motion.  (07-cr-00608, ECF No. 267; 14-cr-00469, ECF No. 85).

On November 17, 2020, Defendant filed his Motion to Withdraw his Motion for Compassionate Release, which was granted.  (07-cr-00608, ECF No. 268-69; 14-cr-00469, ECF No. 86-87).

On January 20, 2021, Defendant Decano filed his SECOND MOTION FOR COMPASSIONATE RELEASE.  (07-cr-00608, ECF No. 270; 14-cr-00469, ECF No. 88).

On February 2, 2021, the Government filed its Response to Defendant Decano's Second Motion for Compassionate Release.  (07-cr-00608; ECF No. 276, 14-cr-00469, ECF No. 95).

On February 8, 2021, Defendant Decano filed his Reply.  (07-cr-00608, ECF No. 277; 14-cr-00469, ECF No. 96).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

Defendant Decano is 50 years old.  Defendant is currently incarcerated at the United States Penitentiary Tucson in Arizona. Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020); United States v. Carver,    F.Supp.3d   , 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease

requiring dialysis, liver disease, diabetes, or individuals who
are immunocompromised.  See United States v. Jones, Crim. No. 13-
00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

I.    **Medical Condition**

A.    **Current Centers For Disease Control Standards And
Defendant's Medical Concerns**

Defendant Decano states he suffers from chronic asthma.  He
also states he has gout, joint pain ("arthoropathy"), high
cholesterol ("hyperlipidemia"), fatty tissue ("benign lipmatous
neoplasm"), foot deformities, and a sore throat ("acute
pharyngitis").  (Def.'s Motion for Compassionate Release at p. 9
in 14-cr-00469, ECF No. 88-1).

The Centers for Disease and Control ("CDC") identified
moderate-to-severe asthma as a medical condition that might place
an individual at increased risk for complications from COVID-19.
(https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions
/people-with-medical-conditions.html?CDC AA refVal=https%3A%2F%2F
www.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2F
groups-at-higher-risk.html, last visited 03/19/21).

B.    **Defendant Has Contracted And Recovered From COVID-19,
And Defendant Has Received the COVID-19 Vaccine**

On December 15, 2020, Defendant Decano tested positive for
COVID-19.  (Attached as Ex. A to Def.'s Motion, at p. 7, ECF No.
92 in 14-cr-00469 HG).  Defendant Decano states that the BOP has
declared him "recovered" from COVID-19.  (Def.'s Reply at p. 9,

ECF No. 96 in 14-cr-00469 HG).

It is not yet clear what the possibility of COVID-19 re-infection would entail, but the fact that Defendant has already contracted COVID-19 and recovered counsels against a finding of extraordinary and compelling circumstances to warrant granting immediate release. United States v. Ofa, Crim. No. 17-00145 JMS-01, 2020 WL 4496497, *2-*3 (D. Haw. Aug. 4, 2020). Numerous courts have concluded that the dangers associated with COVID-19 are not a ground for relief for someone who already had the disease and recovered. United States v. Molley, Crim. No. 15-0254 JCC, 2020 WL 3498482, *2 (W.D. Wash. June 29, 2020); United States v. Zubkov, 460 F. Supp. 3d 450, 455 (S.D.N.Y. May 18, 2020).

As of February 5, 2021, Defendant Decano states he received both doses of the Pfizer-BioNTech COVID-19 vaccine. (Def.'s Reply at p. 7, in 14-cr-00469, ECF No. 96).

Defendant Decano claims he suffers from residual side effects from recovering from COVID-19 and from the two doses of the COVID-19 vaccine. Defendant Decano has provided no medical records to support these claims. Defendant Decano has not shown that the side effects, if any, from recovering from COVID-19 or from receiving the vaccine cannot be treated by the BOP medical facilities.

Defendant has received the COVID-19 vaccine ahead of many others in the general public. Defendant Decano has more

13

protection against contracting COVID-19 than the majority of the
people in the country as they have not received the COVID-19
vaccine.  The fact that Defendant Decano received the COVID-19
vaccine is a factor against a finding of extraordinary and
compelling circumstances to warrant granting immediate release.

###    C.    Medical Conclusion

Defendant is 50 years old.  The CDC recognizes that the risk
of developing severe illness from COVID-19 increases with age.
Those 65 years of age or older are at increased risk and those 85
years and older at the greatest risk.  (https://www.cdc.gov/
coronavirus/2019-ncov/need-extra-precautions/older-adults.html,
last visited 3/19/21).  Defendant's age does not place him in a
category of increased risk of complications due to COVID-19.

Defendant Decano's medical records demonstrate that he is
prescribed an albuterol inhaler and a Mometasone Furoate inhaler
for his asthma.  (BOP Medical Records, attached as Exhibit B to
Def.'s Motion, at pp. 3-5 & 11, ECF No. 94 in 14-cr-00469 HG).

A review of Defendant's medical records demonstrates there
has been no diagnosis of moderate or severe asthma that would
support his immediate release.  As of June 1, 2020, Defendant's
asthma was determined to be controlled.  (Id. at p. 5).  As of
October 9, 2020, Defendant Decano stated that he had no night-
time symptoms, no wheezing, no shortness of breath, or any
coughing due to his asthma.  (BOP Medical Records, attached as

14

Exhibit A to Def.'s Motion, at p. 18, ECF No. 92 in 14-cr-00469 HG).

Defendant's other medical conditions do not place him at a higher risk for severe illness.  The BOP is providing treatment to Defendant for his conditions.  Defendant Decano is proscribed Allopurinol and Ibuprofen for his gout, arthropathy, and foot pain.  (Id. at p. 19).  He is prescribed Atorvastatin for his hyperlipidemia.  (Id.)

Defendant Decano has received the COVID-19 vaccine.  The Defendant's medical records demonstrate that he has received and continues to receive appropriate medical care by the BOP. Conditions that can be managed in prison are not a basis for compassionate release.  United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt. N.1(A)).

## II.  Section 3553(a) Factors And Defendant's History and Characteristics

### A.  History and Characteristics

In order to be eligible for compassionate release, Defendant must establish that release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of

the defendant, and the need for the sentence imposed.

Defendant Decano is currently serving a term of imprisonment for his second federal felony conviction for conspiracy to distribute large quantities of methamphetamine into the community, and a consecutive term of 24 months imprisonment for his violations of supervised release on his earlier conviction.

In 2007, Defendant Decano was convicted in a prior drug trafficking conspiracy in federal court in United States v. Jon Decano, 07-cr-00608 HG.  Prior to beginning serving his sentence, he violated the conditions of release twice by using cocaine. Defendant Decano subsequently violated his terms of supervised release five times, including an arrest for driving under the influence.  Defendant had his supervised release revoked and was given an additional term of supervised release. (07-cr-00608 HG, ECF No. 230).  Defendant Decano violated his term of supervised release again by his drug trafficking crimes in 14-cr-00469 HG. His supervised release was revoked and he was sentenced to 24 consecutive months imprisonment.  (07-cr-00608 HG, ECF Nos. 259, 260).

While Defendant was on supervised release following his earlier conviction in 07-cr-00608 HG, in 2014, Defendant was charged a second time with trafficking methamphetamine.  The Presentence Investigation Report in 14-cr-00469 HG reflects that Defendant sold more than a pound of highly pure methamphetamine to a confidential source two to three months after he commenced

16

his second term of supervised release.  Defendant Decano was held responsible for 558.1 grams of highly pure methamphetamine.  (PSR ¶ 23 in 14-cr-00469 HG, ECF No. 62).

**B.    First Step Act's Change as to Sentencing Enhancements for Prior Drug Convictions Pursuant to 21 U.S.C. § 851**

Following Defendant's sentencing in his second federal drug charge, 14-cr-00469 HG, the First Step Act of 2018 reduced the mandatory minimum sentence that applied to defendants who had previously been convicted of a drug trafficking offense pursuant to 21 U.S.C. § 851.  The First Step Act lowered the mandatory minimum from 20 years to 15 years.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 401(c).

Defendant Decano argues in his Motion for Compassionate Release that the Court should lower his sentence based on the change of the mandatory minimum of sentence enhancements of prior convictions.

Congress, however, did not make the provision of the First Step Act retroactive.  United States v. Johnson, 2021 WL 409830, *7 (W.D. Pa. Feb. 5, 2021).  A defendant is not entitled to re-sentencing pursuant to the First Step Act's change of the mandatory minimums for prior convictions.  United States v. Maddox, 2021 WL 77219, *3 (E.D. Tenn. Jan. 8, 2021).  The First Step Act specifically provides that such amendments are only to apply if the sentence has not been imposed as of the Act's enactment.  First Step Act of 2018, Pub. L. No. 115-391, 132

17

Stat. 5194, § 402(c).  Defendant was sentenced before the Act's enactment and the change in law of the mandatory minimum for a prior conviction from 20 years to 15 years does not apply retroactively in a motion for compassionate release.  <u>United States v. Welker</u>,    F. Supp. 3d    , 2020 WL 7091540, *3 (C.D. Ill. Dec. 4, 2020).

Defendant also has not established that the change in the mandatory minimum would result in a lower sentence even if Defendant were eligible for re-sentencing.

Defendant Decano was not subject to a mandatory minimum at sentencing in 14-cr-00469 HG.  The Government filed a Motion for Downward Departure and so Defendant was not subject to the sentencing enhancement the Government filed pursuant to 21 U.S.C. § 851.  (Gov't Motion at pp. 3-4, in 14-cr-00469 HG, ECF No. 37).  Due to the Government's Downward Departure Motion, the guideline range was 135 to 168 months imprisonment rather than the statutory mandatory minimum of 240-months imprisonment.  (PSR ¶ 77, in 14-cr-00469 HG, ECF No. 62).  The Court granted the Government's Motion for Downward Departure and sentenced Defendant Decano within the sentencing guideline range to 140 months for his conviction in 14-cr-00469 HG.

Defendant's Motion for Compassionate Release ignores the fact that the 240-month statutory mandatory minimum was not applied to enhance Defendant Decano's sentence.  The First Step Act of 2018's change to the statutory mandatory minimum sentences

does not apply retroactively, and even if it did, it is not
relevant here.  Defendant Decano was not sentenced pursuant to a
statutory mandatory minimum.  Defendant's arguments regarding the
change in the mandatory minimum sentence from 240-months to 180-
months are misplaced.

### C.    Portion Of Sentence Served

A review of the caselaw demonstrates that the portion of the
sentence already served by the defendant is a necessary factor
for the Court to consider in evaluating compassionate release.
United States v. Connell,     F.Supp.3d.    , 2020 WL 2315858, at
*6 (N.D. Cal. May 8, 2020).  The amount of time served of the
originally imposed sentence must be considered pursuant to
Section 3553(a) to ensure that the amount of time adequately
reflects the seriousness of the offense, deters criminal conduct,
and protects the public.  United States v. Barber, 466 F. Supp.
3d 1127 (D. Ore. 2020).

Defendant received a 140-month sentence for his drug
conviction in 14-cr-00469 HG, and a consecutive 24-month sentence
for his violations of supervised release in 07-cr-00608 HG.
Defendant received a total sentence of 164 months.  His projected
release date is November 12, 2025.  As of the date of this Order,
Defendant has approximately 57 months remaining before his
projected release date.

**D.    Appropriateness of Immediate Release**

The Court finds that the nature and circumstances of Defendant's offense weigh in favor of his sentences of 164 months imprisonment.  Defendant is currently serving a sentence for conspiring to distribute large quantities of methamphetamine in the community along with his sentence for his multiple violations of the terms of his supervised release.

Defendant's history and characteristics also do not favor a reduced sentence.  Defendant Decano has been convicted in two federal felony drug trafficking conspiracies involving methamphetamine.

Defendant Decano has a history of violating conditions of release and post-imprisonment supervised release.  Defendant has been given numerous chances for rehabilitation but has continued to commit crimes.  Defendant started his drug trafficking in 14-cr-00469 HG shortly after his release for a violation of supervised release in 07-cr-00608 HG.  Defendant Decano's continuous string of crimes starting with his 2007 conviction establishes his danger to the community.

**III. Summary Of Medical Conclusion And Section 3553(a) Factors**

Defendant has not established a basis for compassionate release for medical reasons.  The record does not demonstrate that he is suffering from a terminal health condition or a condition that substantially interferes with his ability to

provide self-care while incarcerated.  Defendant has contracted

and recovered from COVID-19.  He has received both doses of the

Pfizer COVID-19 vaccine.  The record demonstrates that Defendant

has received and continues to receive appropriate medical care

while incarcerated.

Defendant has more than four years left of his 164-month

sentences.  Defendant is serving a sentence for his second felony

drug trafficking conviction.  Defendant's prior criminal record

and his numerous violations of his release conditions and while

on supervised release demonstrate that he poses a danger to the

community.  Defendant's immediate release would not adequately

reflect the seriousness of the offense, would not properly deter

similar criminal conduct, and would not protect the public.  The

factors in Section 3553(a) do not support the immediate release

of the Defendant.

//

//

//

//

//

//

//

//

//

//

//

## <u>CONCLUSION</u>

Defendant's Motion To Reduce Sentence Under The First Step Act (ECF No. 270 in 07-cr-00608 HG and ECF No. 88 in 14-cr-00469 HG) is **DENIED.**

IT IS SO ORDERED.

Dated: March 22, 2021, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Jon Decano, Crim. No. 07-00608 HG; Crim. No. 14-00469; **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE(S) UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 270 in 07-cr-00608 HG and ECF No. 88 in 14-cr-00469)**